BOUTALL, Judge.
This appeal raises the issue of whether the interest charged on a loan secured by a mortgage on immovable property is usurious, dependent upon the applicability of R.S. 9:3503, Civil Code Art. 2924, or R.S. 9:3510 et seq., the Louisiana Consumer Credit Law. The trial court held that the provisions of R.S. 9:3503, relating particularly to mortgages on immovable property, applied, forfeited the entire interest and awarded plaintiff only the unpaid principal due. Plaintiff has appealed.
Plaintiff, Plan Investments of New Orleans, Inc., sued Rosemary Harris, wife of/& Alvin Fiffie alleging a default in the payments due under the terms of the loan made to them on February 16, 1973. The loan was made to pay off certain debts of the defendants amounting to $6,089.59, resulting in a promissory note in the amount of $17,499.60, the difference being composed of various finance charges, legal charges, insurance charges and pre-computed interest. The note was secured by a mortgage on immovable property owned by the defendants as well as on a number of chattels, consisting mainly of furniture and appliances. Defendants paid fifty-three installments amounting to $7,728.99. Plaintiff *1095 sued for the balance due plus attorney’s fees, etc.
To this suit the defendants raised a number of defenses, some of which appeared to have been abandoned, and others not proven on trial. It should be noted that in this court the defendants neither filed brief nor appeared. The sole issue before us is the ruling of the trial judge that this was a mortgage on immovable property as limited by the terms of R.S. 9:3503, and that the interest charged was in excess of ten percent per annum as provided therein. We hold that the application of this law is erroneous.
We call attention to the fact that this loan was made on February 16, 1973, and that we must apply the law in effect at that time. A number of amendments have been made to the pertinent laws thereafter. We conclude that the provisions of the Louisiana Consumer Credit Law, R.S. 9:3510 through 3568, as stated in Act No. 454 of 1972, are the regulations which govern this transaction.
That statute defines a consumer loan in R.S. 9:3516 (13) as a loan of money not exceeding $25,000.00 in principal amount made by a supervised financial organization, a licensed lender, or lender in which the debtor is a consumer, but does not include a loan on immovable property if the loan finance charge does not exceed ten percent simple interest per annum. No issue was raised in the trial court or in this court as to the status of the plaintiff as a licensed lender, etc. Section 3514 permits the parties to a transaction other than a consumer credit transaction, which includes a consumer loan, to contract with one another that the transaction shall be subject to the provisions of that law, in which event the transaction shall be a consumer credit transaction within the provision of the act. Both the promissory note and the mortgage executed by the defendants contain such a contract.
Additionally, we note that the definition of consumer loan as stated above only excludes loans on immovable property if the loan finance charge does not exceed ten percent simple interest per annum. In comparing the provisions of this act with the provisions of R.S. 9:3503 and 3506, it is apparent that the terms of the documents are such as to remove them from the limitations expressed in Sections 3503 and 3506 and bring them under the provisions of the Consumer Credit Act. Similarly, we note that Act 454 of 1972 also amended the provisions of Civil Code Article 2924 to exempt its provisions from a consumer credit transaction as defined by the Louisiana Consumer Credit Law.
Accordingly, we hold that the decision of the trial court should be amended and that plaintiff is entitled to recover under the terms of the promissory note in accordance with the Consumer Credit Law. We find that the plaintiff has not violated the maximum loan finance charge set out in R.S. 9:3519. The evidence shows that the balance due on the account after a rebate of the unearned insurance and unearned finance charge was $7,649.10. Although the appellant urges to us that he is entitled to additional interest on that amount at the loan rate of 17.75%, his prayer only prays for eight per cent per annum interest from January 1, 1978, until paid, and we are compelled to award the interest only as prayed. Additionally, we award twenty-five percent of the aggregate of principal and interest as attorney’s fees in accordance with the terms of the promissory note.
For the above reasons, the judgment appealed from is amended and there is now judgment in favor of Plan Investments of New Orleans, Inc., and against Rosemary Harris, wife of/& Alvin Fiffie in the amount of $7,649.10, together with eight percent per annum interest from January 1, 1978, until paid, and for twenty-five per cent on the aggregate of said principal and interest as attorney’s fees, and for all costs of these proceedings in both courts.
AMENDED AND AFFIRMED.